# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

SANTA FE PARK INN, LTD.,

       Plaintiff,

vs.                                              No. CIV 98-0137 JC/DJS

NOMURA ASSET CAPITAL CORP., et al.,

       Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** came on for consideration of Defendant Midland Loan Services, L.P.'s Motion to Dismiss for Failure to State a Claim, filed June 1, 1998 *(Doc. 20)*, and Defendant CRIIMI MAE's Motion to Dismiss, filed August 3, 1998 *(Doc. 33)*. The Court has reviewed the motions, the memoranda submitted by the parties, and the relevant authorities. The Court finds that Defendant Midland Loan Services, L.P.'s Motion to Dismiss for Failure to State a Claim is well taken in part and will be granted in part. The Court further finds that Defendant CRIIMI MAE's Motion to Dismiss is not well taken and will be denied.

### Factual Background

This is a diversity of citizenship case involving a $1,125,000 mortgage loan that was made to Plaintiff Santa Fe Park Inn, Ltd. ("Santa Fe Park Inn") on November 23, 1994. The loan was made by Defendant Nomura Asset Capital Corporation ("Nomura") and was subsequently assigned to LaSalle National Bank ("LaSalle"). Following the assignment, LaSalle placed the loan in a securitized pool of mortgage loans and acted as the trustee for the pool ("the trust").

Defendant Midland Loan Services, L.P. ("Midland") was a master and special servicer for the loan while it was held by Nomura and after it was assigned to LaSalle. Sometime in May of 1996, Midland appointed Defendant CRIIMI MAE Services L.P. ("CRIIMI MAE") as the special servicer for the loan.

On January 17, 1997, LaSalle sued Santa Fe Park Inn in the First Judicial District Court, County of Santa Fe, New Mexico, to collect on the note and to foreclose the mortgage. On April 23, 1997, the foreclosure action was dismissed by Stipulated Order of Dismissal With Prejudice.

Plaintiff now sues Defendants claiming they: 1) failed to properly service the loan; 2) breached the covenant of good faith and fair dealing; and 3) breached certain fiduciary duties owed to Plaintiff. Plaintiff contends Defendants did not reasonably respond to requests for approval to sell the property securing the loan and failed to approve a change of franchise request. Plaintiff also claims Defendants refused to release funds from an escrow account established by the note for fixtures and repairs on the property.

## Legal Standard

When faced with a motion to dismiss, the Court must accept all well-pled factual allegations in the light most favorable to Plaintiff. *See Jojola v. Chavez*, 55 F.3d 488, 490 (10th Cir.1995). "Dismissal is appropriate only if the plaintiff can prove no set of facts in support of the claim entitling" him to relief. *Bauchman v. West High Sch.*, 132 F.3d 542 (10th Cir. 1997) (*citing Ramirez v. Oklahoma Dep't of Mental Health*, 41 F.3d 584, 586 (10th Cir.1994)). The dismissal standard, although stringent, does not allow Plaintiff to "overcome pleading deficiencies with arguments that extend beyond the allegations contained in the complaint." *Id.* Plaintiff's complaint must show that it could be entitled to relief under each of his claims.

**Analysis**

Defendant Midland moves for dismissal of Plaintiff's breach of contract claim arguing that Plaintiff has not alleged the existence of a contract between Midland and Plaintiff. Midland argues Plaintiff's allegations are based entirely on the contract between Plaintiff and Nomura. Midland further argues that Plaintiff's breach of the covenant of good faith and fair dealing and breach of fiduciary duty claims fail because they also derive solely from the original contract between Plaintiff and Nomura.

I agree with Defendant Midland on this count. Plaintiff's complaint specifically states that "both Midland and CRIIMI MAE acted on behalf of Defendant Nomura during the course of this transaction." *Complaint* at 3 ("Defendants each owed a fiduciary duty toward Plaintiff as a result of a contract."). Plaintiff did not include any allegation of a separate contract, promise, or fiduciary duty between Midland and/or CRIIMI MAE and Plaintiff. Each of Plaintiff's allegations derive from the contract between Nomura and Plaintiff. *See Complaint* at 3, Count I, ¶ 1; 6, Count II, ¶ 2; 7, Count III, ¶ 2. Furthermore, Plaintiff has not alleged that Midland or CRIIMI MAE became a party to the original contract or conducted themselves in a manner that would indicate an intent to be bound by the original contract. *Kreischer v. Armijo*, 118 N.M. 671, 675 (Ct. App. 1994) ("Generally, an agent for a disclosed principal is not a party to any contract entered into on behalf of the principal.") Consequently, Plaintiff's breach of contract, breach of the covenant of good faith and fair dealing, and breach of fiduciary duty claims will be dismissed with prejudice as against Defendants Midland and CRIIMI MAE.

I cannot agree with Defendant Midland that the remaining count of "negligent and/or intentional interference with business relationships" *(Complaint* Count VI at 7) should be dismissed

for failing to state a claim upon which relief can be granted. Midland's argument that Plaintiff failed to allege an "improper motive or improper means" is unpersuasive. *See Quintana v. First Interstate Bank of Albuquerque*, 105 N.M. 784 (Ct. App. 1987).

Plaintiff has alleged that Defendants failed to approve two separate buyers for the property, failed to approve their change of franchise request, and failed to release funds from the escrow account. These allegations may ultimately establish an improper motive, improper means, or even action "without justification or privilege." *Id. Quintana* is distinguishable based on the third-party nature of the Plaintiffs in that case.

Midland and CRIIMI MAE also argue that Plaintiff's claims should have been brought as counterclaims in the previous foreclosure action and are thus barred by res judicata. Midland and CRIIMI MAE contend that their role as servicers places them in privity with LaSalle and entitles them to the preclusive effect of the LaSalle foreclosure action. Both Midland and CRIIMI MAE argue the privity requirement is evident from Plaintiff's allegations and thus dismissal is appropriate.

I do not accept Defendants' argument. Resolution of the res judicata issue will require a closer look at the nature of the relationship between Midland, CRIIMI MAE, Nomura and LaSalle. This matter will be clearer once evidence is before the Court. Plaintiff may be able to establish facts entitling it to relief against the servicers on the remaining interference with business relations claim. Consequently, Defendants' motion to dismiss based on res judicata grounds will be denied.

Wherefore,

IT IS HEREBY ORDERED that Defendant Midland Loan Services, L.P.'s Motion to Dismiss for Failure to State a Claim is **granted in part**. Count I (breach of contract), Count II (breach of the covenant of good faith and fair dealing), and Count III (breach of fiduciary duty) of Plaintiff's

Complaint are dismissed with prejudice as against Defendants Midland Loan Services, L.P. and CRIIMI MAE Services L.P.

IT IS FURTHER ORDERED that Defendant CRIIMI MAE's Motion to Dismiss is **denied.**

DATED this 30th day of November, 1998.

_____
**CHIEF UNITED STATES DISTRICT JUDGE**

Counsel for Plaintiff:

    Thomas L. Grisham
    Grisham & Lawless, P.A.
    Albuquerque, New Mexico

Counsel for Defendant Midland:

    Thomas F. Keleher
    Keleher & McLeod, P.A.
    Albuquerque, New Mexico

    Larry W. Joye
    Allison L. Bergman
    Morrison & Hecker L.L.P.
    Kansas City, Missouri

Counsel for Defendant CRIIMI MAE:

    Francis J. Mathew
    Jones, Snead, Wertheim, Wentworth
     & Jaramillo, P.A.
    Santa Fe, New Mexico