# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

SANTA FE PARK INN, LTD.,

    Plaintiff,

vs.                                                                           No. CIV 98-0137 JC/DJS

NOMURA ASSET CAPITAL CORP.,
et al.,

    Defendants.

## **MEMORANDUM OPINION AND ORDER**

THIS MATTER came on for consideration of Defendant Nomura Asset Capital Corporation's ("Nomura's") Motion for Summary Judgment, filed February 12, 1999 *(Doc. 68)*, Defendant CRIIMI MAE's Motion to Strike Jury Demand, filed April 13, 1999 *(Doc. 82)*, Defendant CRIIMI MAE's Motion for Summary Judgment, filed April 16, 1999 *(Doc. 86)*, Defendant Nomura's Motion to Strike Jury Demand, filed May 10, 1999 *(Doc. 91)*, Defendant Midland Loan Services, L.P.'s ("Midland's") Motion for Summary Judgment, filed May 14, 1999 *(Doc. 96)*, and Defendant Midland's Motion to Strike Jury Demand, filed May 14, 1999 *(Doc. 101)*. The Court has reviewed the motions, the memoranda submitted by the parties, and the relevant authorities.

The Court finds that Defendant Nomura's Motion for Summary Judgment *(Doc. 68)*, Defendant CRIIMI MAE's Motion to Strike Jury Demand *(Doc. 82)*, and Defendant CRIIMI MAE's Motion for Summary Judgment *(Doc. 86)*, are not well taken and will be denied. The Court further finds that Defendant Nomura's Motion to Strike Jury Demand *(Doc. 91)*, is well taken and will be granted; that Defendant Midland's Motion for Summary Judgment *(Doc. 96),* is well taken in part

and will be granted in part; and that Defendant Midland's Motion to Strike Jury Demand *(Doc. 101)*, is moot.

The background to this case was previously discussed in my November 30, 1998 Memorandum Opinion and Order *(Doc. 51)*.[1] In that Opinion and Order, I dismissed three contractually based claims (breach of contract, breach of the covenant of good faith and fair dealing, and breach of fiduciary duty) against Defendants CRIIMI MAE and Midland. CRIIMI MAE and Midland now move for summary judgment on Plaintiff's remaining claims. Defendant Nomura also seeks summary judgment on the balance of Plaintiff's claims. In addition to the summary judgment motions, all three Defendants move to strike Plaintiff's jury demand.

**<u>Analysis</u>**

*I.     Claim Preclusion:*

Defendants contend the Stipulated Order of Dismissal with Prejudice from LaSalle's previous foreclosure and debt action precludes Plaintiff's present claims. *See* CRIIMI MAE's Mot. to Dismiss, filed Aug. 3, 1998 *(Doc. 33)*, Ex. B & D (Stipulated Order of Dismissal with Prejudice). Since claim preclusion, or res judicata, requires a detailed look at the relationship between the parties and the nature of the underlying claims, I will use it as the starting point for my analysis.

The doctrine of res judicata bars subsequent legal action where a previous lawsuit has ended in a final judgment on the merits and involved the same parties and the same actions. *Kepler v. Slade*, 119 N.M. 802, 804 (1995). For res judicata to apply, the subsequent action must involve the

---

[1] The factual background section of that Opinion and Order was intended to provide a general framework of understanding for the case. The background did not recite undisputed facts and does not constitute judicial findings on my part.

same: "(1) parties or privies, (2) capacity or character of persons for or against whom the claim is made, (3) cause of action, and (4) subject matter." *Id.* Res judicata applies even when the previous action ends in a stipulated judgment. *See Myers v. Olson*, 100 N.M. 745, 748-49 (1984).

In this case, none of the defendants have established the privity requirement for res judicata. Although "[g]enerally, an . . . agent-principle [sic] relationship will provide the necessary privity for claim preclusion with respect to matters within the scope of the relationship," neither CRIIMI MAE nor Midland have established that they were acting as agents of LaSalle during the pertinent periods of the Complaint. 18 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 131.40[3] (3d ed. 1999). CRIIMI MAE's contention that "[t]he agency relationship . . . is established not only in the correspondence . . . but also by the Complaint" is not supported by the record. *See* CRIIMI MAE's Sum. J. Br. *(Doc. 87)* at 12. Plaintiff's Complaint indicates CRIIMI MAE and Midland were agents of Nomura, not LaSalle. *See* Complaint at 3 ("Both Midland and Criimi Mae acted on behalf of Defendant Nomura during the course of this transaction."). The various exhibits also suggest Midland and CRIIMI MAE may have been agents of Nomura when the alleged events took place. *See* Pl.'s Resp. *(Doc. 88)* Ex. E, J.

In a nutshell, Nomura may have held the loan for the periods pertinent to the Complaint; as I will discuss below, there is a genuine issue as to when the assignment occurred. If Nomura held the loan, LaSalle was never vicariously liable for the actions alleged in the Complaint, and privity did not flow to CRIIMI MAE or Midland from the Stipulated Order on the foreclosure action. *See* Midland's Sum. J. Br. *(Doc. 97)* at 18 ("a subsequent action against an agent arising out of the transaction or series of transactions upon which the principal could have been vicariously liable in the prior action for the agent's conduct is precluded.").

Nomura's claim of res judicata also fails on the privity element. *See Rhode Island Hosp. Trust Nat. Bank v. Ohio Cas. Ins. Co.*, 789 F.2d 74, 82 (1st Cir. 1986) ("there is no preclusion if the assignment took place before the litigation that is now raised as conclusive");18 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 4462 (1981) ("Ordinarily a judgment is binding on a nonparty who took by transfer from a party after judgment or while suit was pending, but is not binding on a nonparty who was involved in a transfer to or from a party prior to institution of the action."). *Cf. Gilman v. Osborn*, 78 N.M. 498, 500 (1967) ("Ordinarily, a grantee is in privity with his grantor and entitled to the benefits of judgments entered in favor of the grantor only if the judgments were prior to the conveyance of the property."); RESTATEMENT (SECOND) OF JUDGMENTS § 55(2) ("The determination of issues in an action by or against either assignee or assignor is not preclusive against the other"). I find *Circle v. Jim Walter Homes, Inc.*, 654 F.2d 688 (10th Cir. 1981) distinguishable.

In *Circle*, a home building company assigned a subsidiary corporation to act as the servicer for the sale of the company's newly constructed homes. The subsidiary assignee ultimately brought foreclosure actions against several home buyers. The buyers then sued the home building company for violations of the Uniform Consumer Credit Code. Based on these facts, the court determined that the home building company was in privity with the subsidiary corporation and that res judicata barred the subsequent action. The court based the privity finding on the "subsidiary assignee" relationship. *See id.* at 692. Nomura implies that a privity relationship like the one in *Circle* arose when Nomura's loan was assigned to LaSalle. I find this argument unpersuasive because there was never a subsidiary/parent relationship between Nomura and LaSalle. Consequently, Nomura's res judicata argument will be denied.

## II. *Issue Preclusion:*

Issue preclusion acts to bar the "relitigation of ultimate facts or issues actually and necessarily decided in a prior suit." *Silva v. State,* 106 N.M. 472, 745 P.2d 380 (1987). "In the case of a judgment entered by confession, consent, or default, none of the issues is actually litigated." RESTATEMENT (SECOND) OF JUDGMENTS § 27 (e). New Mexico does not favor using consent judgments for issue preclusion because they are not based on the "litigation and necessary judicial determination of the issues" involved in the judgment. *Pope v. Gap*, 125 N.M. 376, 384, 961 P.2d 1283, 1291 (Ct. App. 1998) (citing *State ex rel Martinez v. Kerr-McGee Corp.*, 120 N.M. 118 (Ct. App. 1995)).

In this case, the prior foreclosure action between Santa Fe Park Inn and LaSalle National Bank was dismissed pursuant to the Stipulated Order of Dismissal With Prejudice. The Order noted that the parties agreed to the "dismissal of all claims which were brought or could have been brought by any party appearing herein one against the other." The Order did not address the resolution of any underlying issues in the action, and no issues were actually litigated. Thus, issue preclusion does not apply. Consequently, Nomura's Motion for Summary Judgment based on issue preclusion will be denied.

## III. *Genuine Issues of Material Fact:*

Nomura contends that Plaintiff's claims should be dismissed because the claims arose after August 1, 1995. Nomura claims they had no interest in the loan after that date. To support this contention, Nomura points to a letter dated August 11, 1995, addressed from Midland to Santa Fe Park Inn, stating that effective August 1, 1995, Nomura "has transferred ownership of your loan to LaSalle." McCarter Supp. Aff. *(Doc. 26)*, Ex. A. Additionally, Nomura highlights that an August 1,

1995 "Mortgage Loan Purchase and Sale Agreement" purportedly "transfers, [and] assigns . . . all the right, title, and interest of the Seller in and to the Mortgage Loans" and is signed by a Nomura representative. Nomura's Reply *(Doc. 72)*, Ex. 1.

Plaintiff counters with evidence of Nomura's continuing interest and involvement in Plaintiff's loan after August 1, 1995. Plaintiff attaches an "Assignment of Deed of Trust, Assignment of Leases and Rents and Security Agreement" purportedly assigning Nomura's interest in Plaintiff's loan to LaSalle "as of December 10, 1996." Pl.'s Resp. *(Doc. 71)*, Ex. D. Plaintiff also includes evidence that Nomura received reports from Midland regarding the status of the loan after August 1, 1995. *Id.*, Ex. 6 (letters from Midland to Nomura dated Jan. 20, 1996 and Feb. 23, 1996).

Because the documents and evidence submitted by the parties are in conflict as to when the interest in the loan was transferred, I will deny Nomura's motion on this issue. I will also deny CRIIMI MAE's Motion raising the similar contention that Plaintiff's damages were not caused by CRIIMI MAE because CRIIMI MAE was not an agent till much later. *See* CRIIMI MAE's Br. *(Doc. 87)* at 3. At this point, there is a factual dispute as to when CRIIMI MAE became a servicer and to what extent they were involved in the requested franchise change and the proposed sale of the premises. *Cf.* Midland's Reply Br. *(Doc. 100)* at 4 ("discussions concerning the proposed change of franchise and other issues were handled and decisions made by CRIIMI MAE on behalf of the Trust, not Midland").

I am also unpersuaded by CRIIMI MAE's argument that they are entitled to the benefits of paragraphs 43 ("Remedies of Trustor") and 44 ("Sole Discretion of Beneficiary") of the Deed of Trust. *See* CRIIMI MAE's Br. *(Doc. 87)*, Ex. C. CRIIMI MAE was not a party to the Deed of Trust and has not established, at least at this point, that "an agent, acting within the scope of his

authority [has] whatever privilege the principal would have enjoyed if he had acted for himself." *Id.* at 5. Consequently, CRIIMI MAE's Motion for Summary Judgment will be denied.

## IV. *Improper Motive or Improper Means*:

Midland argues summary judgment should be granted on Plaintiff's interference with business relations claim because there is no evidence that Midland acted with an improper motive or improper means. *See* Midland Br. at 10 *(Doc. 97)*. Midland also argues that there is no evidence they acted in a negligent fashion for Count VI of Plaintiff's Complaint.

One of the essential elements of an interference with business relations claim is that the defendant use an improper means or "act[] with an improper motive intended solely to harm the plaintiff." *Silverman v. Progressive Broad. Inc.*, 125 N.M. 500, (Ct. App. 1998). In this case, there is no allegation that Midland acted with an improper motive to harm Plaintiff, and Midland has submitted the affidavit of Mr. J. Stephen McCarter to support their assertion that what they did was not by improper means. Mr. McCarter states that the initial denial of sale, and the requirements for the requested change of franchise, were contemplated under the Deed of Trust. *See* Second Supp. Aff. McCarter, filed May 14, 1999 *(Doc. 98)*.

Plaintiff fails to counter with any evidence of improper means; Plaintiff merely raises legal arguments and leaves the Court to draw conclusions from the existing allegations. Plaintiff also fails to identify evidence that would suggest Midland acted in a negligent fashion. Plaintiff has not "set forth specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e). Consequently, summary judgment will be granted for Midland on Counts IV and VI.

## V. *Jury Demand:*

CRIIMI MAE moves to strike Plaintiff's jury demand arguing that Plaintiff waived the right to a jury trial in the loan documents. *See* CRIIMI MAE's Br. *(Doc. 83),* Ex. A-F. CRIIMI MAE relies heavily on *Phoenix Leasing, Inc. v. Sure Broad., Inc.*, 843 F. Supp. 1379 (D. Nev. 1994) for this proposition.

*Phoenix Leasing* involved a commercial lender who sued a borrower for recovery on a loan agreement. The borrower brought counterclaims against the lender and demanded a jury trial. The lender moved to strike the jury demand based on waiver provisions in the original loan agreements. To determine whether the waiver provisions applied, the court held that "[i]f determination of an action would require reference to, or if the action relates to or pertains to the loan documents covered by the waiver, then such action is with respect to the loan documents and the jury waiver provision applies." *Phoenix*, 843 F. Supp. at 1388.

This case is distinguishable from *Phoenix Leasing* because the party seeking to strike the jury demand--CRIIMI MAE--was not a party to the loan. CRIIMI MAE was merely a special servicer appointed by Midland. In general, "a jury waiver provision in a contract or lease affects only the rights of the parties to that contract or lease." *Hulsey v. West*, 966 F.3d 579, 581 (10th Cir. 1992). Although agents of contracting parties may be entitled to the waiver, *see Paracor Finance, Inc. v. General Elec. Capital Corp.,* 96 F.3d 1151, 1166 (9th Cir. 1998), the nature of the relationship in this case remains unclear and is further attenuated; CRIIMI MAE is an apparent agent of an agent. Consequently, I will deny CRIIMI MAE's Motion to Strike.

I will allow Nomura to take advantage of the jury waiver provision. The waiver was conspicuous in this case, there was no disparity in bargaining power, and Plaintiff is a sophisticated business party. *See* CRIIMI MAE Br. *(Doc. 82)* Ex. H.

Wherefore,

IT IS HEREBY ORDERED that Defendant Nomura's Motion for Summary Judgment, filed February 12, 1999 *(Doc. 68)*; Defendant CRIIMI MAE's Motion to Strike Jury Demand, filed April 13, 1999 *(Doc. 82)*; and Defendant CRIIMI MAE's Motion for Summary Judgment, filed April 16, 1999 *(Doc. 86)*, are **denied**.

IT IS FURTHER ORDERED that:

1. Defendant Nomura's Motion to Strike Jury Demand, filed May 10, 1999 *(Doc. 91)*, is **granted**;

2. Defendant Midland's Motion for Summary Judgment, filed May 14, 1999 *(Doc. 96)*, is **granted in part**. Judgment will be entered for Defendant Midland and against Plaintiff on Counts IV and VI of Plaintiff's Complaint; and

3. Defendant Midland's Motion to Strike Jury Demand, filed May 14, 1999 *(Doc. 101)*, is **denied as moot**.

DATED this 22nd day of June, 1999.

_____
**CHIEF UNITED STATES DISTRICT JUDGE**

Counsel For Plaintiff:

    Thomas L. Grisham
    Grisham & Lawless, P.A.
    Albuquerque, New Mexico

For Defendant CRIIMI MAE:

    Francis J. Mathew
    Jones, Snead, Wertheim, Wentworth & Jaramillo, P.A.
    Santa Fe, New Mexico

For Defendant Nomura:

    Robert M. St. John
    Jo Saxton Brayer
    Thomas A. Outler
    Rodey, Dickason, Sloan, Akin & Robb, P.A.
    Albuquerque, New Mexico