# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

SANTA FE PARK INN, LTD.,

    Plaintiff,

vs.                                                                             CIV 98-0137 JC/DJS

NOMURA ASSET CAPITAL CORP.,
et al.,

    Defendants.

## **MEMORANDUM OPINION AND ORDER**

THIS MATTER came on for consideration of Defendant CRIIMI MAE's Motion for Summary Judgment, filed August 16, 1999 *(Doc. No. 111)*, Motion to Strike Jury Demand, filed August 16, 1999 *(Doc. No. 115)*, and Motion to Allow Additional Pages to Support Motion for Summary Judgment, filed August 16, 1999 *(Doc. No. 119)*. Also before the Court is Defendant Nomura Asset Capital Corporation's ("Nomura's") Supplemental Motion for Summary Judgment, filed August 16, 1999 *(Doc. No. 120)*. The Court has reviewed the motions, the memoranda submitted by the parties, and the relevant authorities.

The Court finds that CRIIMI MAE's Motion for Summary Judgment, filed August 16, 1999 *(Doc. No. 111)*, and Nomura's Supplemental Motion for Summary Judgment, filed August 16, 1999 *(Doc. No. 120)*, are well taken in part and will be **granted in part**. The Court further finds CRIIMI MAE's Motion to Strike Jury Demand, filed August 16, 1999 *(Doc. No. 115)*, is moot and that CRIIMI MAE's Motion to Allow Additional Pages to Support Motion for

Summary Judgment, filed August 16, 1999 *(Doc. No. 119)*, is not well taken and will be **denied**.

The background to this case was previously discussed in my November 30, 1998 Memorandum Opinion and Order *(Doc. No. 51)*. In that Memorandum, I dismissed the three contractually based claims (breach of contract, breach of the covenant of good faith and fair dealing, and breach of fiduciary duty) against Defendants CRIIMI MAE and Midland. This case also became the subject of my June 22, 1999 Memorandum Opinion and Order *(Doc. No. 108)*. In that Memorandum, I dismissed the remaining claims against Defendant Midland.

As discussed at the pre-trial conference, Defendants CRIIMI MAE and Nomura now submit a second round of summary judgment motions. Because I find these motions to be dispositive, I will use them as the starting point for my analysis.

Defendant CRIIMI MAE moves for summary judgment arguing that: (1) their actions were not the proximate cause of Plaintiff's injuries; (2) their actions do not support an interference with contractual relations claim; (3) the law does not support a claim for negligent interference with contractual relations; (4) they had the privileges and immunities of the holder and beneficiary in this case; (5) Plaintiff cannot support a negligence claim; and (6) res judicata bars Plaintiff's claims. Defendant Nomura argues: (1) that the loan had been transferred to LaSalle before the alleged wrongdoing; (2) that Plaintiff waived its right to seek monetary damages; and (3) that Count V of Plaintiff's Complaint is not included in the Pre-trial Order and thus should be dismissed.

### *Analysis:*

I find that summary judgment is appropriate for the remaining claims (Counts IV and VI)

against Defendant CRIIMI MAE.[1] Plaintiff's interference with business relations claim (Count IV) fails because Plaintiff has not countered "with any evidence of improper means; Plaintiff merely raises legal arguments and leaves the Court to draw conclusions from the existing arguments." Mem. at 7 *(Doc. No. 108)*. Plaintiff also fails to counter CRIIMI MAE's argument that New Mexico does not recognize a negligent interference with business relations claim. *See* CRIIMI MAE's Brief at 10-11. I find no support for Plaintiff's negligent interference claim under New Mexico law.

In addition to coming up short on Count IV, Plaintiff fails to counter CRIIMI MAE's "economic loss"/duty argument under Count VI.[2] *See* CRIIMI MAE's Brief at 15-16. Plaintiff offers no argument to counter CRIIMI MAE's contentions. Consequently, summary judgment will be granted for CRIIMI MAE on Counts IV and VI.

In addition to granting summary judgment for CRIIMI MAE, I find that summary judgment is appropriate for the claims asserted against Defendant Nomura. Under the original Deed of Trust, Assignment of Leases and Rents, and Security Agreement ("the mortgage"),

> [i]n the event that a claim or adjudication is made that Beneficiary has acted unreasonably or unreasonably delayed acting in any case where by law or under the Note, this Deed of Trust or any of the other Documents, it has an obligation to act reasonably or promptly, Beneficiary shall not be liable for any monetary damages, and Trustor's [Plaintiff's] remedies shall be limited to injunctive relief or declaratory judgment.

CRIIMI MAE's Br., filed April 16, 1999 *(Doc. No. 87)* Ex. C, ¶ 43. Through this language, Plaintiff waived any right to recover monetary damages for the very conduct Plaintiff is now

---

[1] The exhibits CRIIMI MAE proposes to add under their Motion to Allow Additional Pages would not be of assistance to the Court. Consequently, that Motion will be denied.

[2] Plaintiff does not cite a single legal source (primary or otherwise) in their entire twenty-page response. *See* Pl.'s Resp. *(Doc. No. 113)*.

challenging. (i.e. failing to release funds, failing to approve change of franchise requests, etc.) Consequently, summary judgment will be granted for Nomura on all counts.

Wherefore,

IT IS HEREBY ORDERED that CRIIMI MAE's Motion for Summary Judgment, filed August 16, 1999 *(Doc. No. 111)*, and Nomura's Supplemental Motion for Summary Judgment, filed August 16, 1999 *(Doc. No. 120)*, are **granted in part**. Counts IV ("negligent and/or intentional interference with business relationships") and VI (negligence) of Plaintiff's Complaint are dismissed as against Defendants Nomura and CRIIMI MAE. Counts I (contract), II (covenant of good faith and fair dealing), III (breach of fiduciary duty), and V (misrepresentation) are also dismissed as against Defendant Nomura.

IT IS FURTHER ORDERED that CRIIMI MAE's Motion to Strike Jury Demand, filed August 16, 1999 *(Doc. No. 115)*, is **denied as moot**, and CRIIMI MAE's Motion to Allow Additional Pages to Support Motion for Summary Judgment, filed August 16, 1999 *(Doc. No. 119)*, is **denied**.

DATED September 3, 1999.

_____
CHIEF UNITED STATES DISTRICT JUDGE

Counsel for Plaintiff:   Thomas L. Grisham
                         Grisham & Lawless, P.A.
                         Albuquerque, New Mexico


Counsel for Defendant CRIIMI MAE:
                         Francis J. Mathew

Jones, Snead, Wertheim, Wentworth & Jaramillo, P.A.
Santa Fe, New Mexico

Counsel for Defendant Nomura:

Robert M. St. John, Jo Saxton Brayer & Thomas A. Outler
Rodey, Dickason, Sloan, Akin & Robb, P.A.
Albuquerque, New Mexico